UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIK FABIAN, | ) | 1:07-CV-00737 AWI JMD HC |
| | ) | |
|        Petitioner, | ) | |
| | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RECONSIDERATION |
|   v. | ) | |
| | ) | |
| | ) | |
| TOM FELKER | ) | |
| | ) | |
|       Respondent. | ) | |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      On February 14, 2009, the Court conducted a de novo review of Petitioner's case and issued an order which adopted the Magistrate Judge's Findings and Recommendation in full, denied the Petition with prejudice, and declined to issue a certificate of appealability.  (Doc. 16).  On March 16, 2009, Petitioner filed a Notice of Appeal with the Ninth Circuit Court of Appeal.  (Doc. 18).  On June 1, 2010, the Court of Appeal issued an order denying a certificate of appealability.  (Doc. 23). Petitioner filed a motion for reconsideration on December 27, 2010.  (Doc. 24).

      Petitioner's motion for reconsideration may not be granted unless the Court's previous order was clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a).

**Discussion**

A motion for reconsideration must be made within a reasonable time, in any event, "not more than one year after the judgment, order, or proceeding was entered or taken." Fed.R.Civ.P. 60(b). As Petitioner's motion was filed on December 27, 2010, over one year past the Court's February 14, 2009 Order, it appears that Petitioner's motion was not timely. However, even assuming Petitioner's motion was timely, Petitioner's motion lacks merit.

Though the basis for Petitioner's motion is not entirely clear, Petitioner appears to argue for Court's reconsideration of its prior order denying the Petition as well as its order declining to issue a Certificate of Appealability ("COA"). Regarding the COA, Petitioner contends that he was misadvised by Counsel in that he instructed his attorney to file a request for a COA with the Ninth Circuit, but in fact, his attorney filed a Notice of Appeal. Petitioner argues that as a result of his counsel's improper filing, this Court's reconsideration of its prior orders is warranted. Petitioner's vague contentions are unavailing.

When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

Petitioner has provided nothing by way of either new law or new facts in support of his motion for reconsideration. Further, it is clear that the Court of Appeal interpreted Petitioner's Notice of Appeal as a request for a Certificate of Appealability. In disposing of Petitioner's moving papers, the Court of Appeal stated Petitioner's "request for a certificate of appealability is denied." See Order of USCA, (Doc. 23). Thus, any alleged mistake by Petitioner's counsel is of no consequence to either the Ninth's Circuit's disposition of the filed notice or this Court's previous orders.

**Order**

For the reasons stated above, Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   January 12, 2011**           /s/ John M. Dixon
                                      UNITED STATES MAGISTRATE JUDGE